COLUMBUS BAR ASSOCIATION *v.* NACHMAN.

(D. D. No. 96—Decided April 30, 1969.)

48

*Mr. John L. Davies, Mr. Charles E. Shanklin* and *Mr. Donald H. Rathbun,* for relator.

*Mr. James C. Justice, Mr. Paul R. Gingher* and *Mr. James F. Hadley,* for respondent.

*Per Curiam.* The essential question raised in this proceeding is whether the $15,025 given to the respondent was a fee for his legal services in connection with his representation of Irma Gobel in negotiations which led to a property settlement between Irma Gobel and her brother, or whether it was given to him in trust for investment.

As a result of the negotiation and settlement, the brother agreed to pay Irma Gobel $35,000 in cash and to establish a $100,000 trust fund with Wittenberg University. The university agreed to pay $6,900 annually to Irma Gobel for the rest of her life.

The evidence in this case, for the most part, consists of the testimony of Irma Gobel and Mitchell Nachman. That there was a dispute between the respondent and his client concerning the fee which he was to be paid for the legal services which he performed is not questioned. There is a dispute about whether the $15,025 was given to him by Irma Gobel as a part payment of his fees, or in trust to invest for her.

After the dispute arose, the parties made a settle-ment in which Mitchell Nachman retained $5,000 as fees

and the remainder of the $15,025 was returned to Irma Gobel.

After carefully and completely reading the transcript of the testimony and examining the exhibits, it is the conclusion of this court that the controversy between the respondent and his client was essentially a dispute over fees; that the settlement of this controversy was made after the client had filed a complaint with the Columbus Bar Association and attorneys for Irma Gobel had threatened the respondent with legal action to recover the $15,025.

The evidence is confusing and contradictory. The respondent was not as frank, candid and forthright as he should have been.

The court is of the opinion that the recommendation of the Board of Commissioners on Grievances and Discipline should be modified and that the respondent should be publicly reprimanded. Such discipline is hereby imposed.

*Judgment accordingly.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER, HERBERT and DUNCAN, JJ., concur.